The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. First case for argument this morning is 20-1354, Smith v. Tran. Is it Ms. Bayefsky? How do you pronounce your name? Bayefsky, yes, thank you. Okay, please proceed. Thank you. May it please the court, Rachel Bayefsky for appellant Robert L. Smith. The Veterans Court applied an incorrect legal rule that severely penalizes veterans. It held that attorney's fees for a task undisputedly needed to bring any successful claim on appeal, here record review, may be slashed simply because the appeal also involves unsuccessful claims. The Veterans Court's rule. Can I just – I'm sorry to interrupt you, but I have a feeling there might be lots of questions, so we are limited in time. So let me start you off. I need your help. Let's assume hypothetically that we were sympathetic to your arguments in this particular case. My concern is what standard we set up in light of that reversal. These cases, there's a lot of discretion for the judges on each of these. This is all based on the context. In this particular case, the government made some concessions, which may be allied to the issues we have to confront. So I'm going to give you two hypotheticals, change the facts a little, and let me see where you go with those. Two changes from our case is let's assume with respect to each of the seven claims, the record was very well sorted out, and there were separate chapters, a separate chapter for each of the claims. It was not a question of having to sort through everything to find anything. And second, let's assume and or the party here, your client, was asking for four times the amount of money for reviewing each page than, in fact, you did request. Does that change what's going on here? It could, Your Honor. In terms of the standard that this court should apply, the rule that we urge is clear and simple and yet narrow. It is that the time spent on a task necessary in its entirety for the pursuit of a successful appeal, specifically time spent on record review, may not be slashed simply because the appeal also involves unsuccessful claims. In these types of veterans' cases, which is the specific universe that this court is now confronting, there are particular reasons why it's important for counsel to review the entire record. Often, counsel are represented by- That was my hypothetical. Firstly, your answer to me so far is saying for time spent. I don't think you really mean that. I mean, it's all reasonable time spent. And so there's a little give there, perhaps you would agree. And that may not be- What if the record here was so divided up and the issues were entirely separate so that one could say that really nothing in the record really had any bearing on the claim that was ultimately prevailed on? Yes. As to your Honour's first point, there may be cases in which the time spent reviewing the record was excessive or duplicative, as in the case that the government cites, the Wagner 2 case. But that is not the case here and there's no allegation as such. It took counsel 18 hours to review an over 9,000-page record. That's a rate of about 500 pages per hour, 8.5 pages per minute, for which counsel is seeking $3,600. And the dispute is now over the $2,400. It may be a different case if there were a record that were very well sorted out and segregated by claim, but that's not the universe of veterans' cases that this court is now confronting. These veterans' appeals involve a vast array of documents in the record, medical records, service records, educational benefits, that are not organized by claim or disability. For example, co-counsel from the Veterans Legal Advocacy Group once found proof that a veteran had been suffering seizures from an anti-seizure medication in a treatment record for a hurt elbow. So it is essential for counsel, particularly in these types of veterans' appeals, to review the entire record, particularly since, as this court noted in Kelly v. Nicholson, often an appeal to the veterans' court is the first time that a veteran is represented by an attorney. In fact, review of the record is needed to make sure that the court has all the evidence it needs before it to decide the case.  Ms. Bayefsky? Counsel? Oh, go ahead. Ms. Bayefsky, Judge Klager here. Following up on Chief Judge Probst's question, is it your argument that at some point, and it may or may not be typically the case in these veterans' cases, at some point in the beginning it's necessary for counsel for the veteran to delve through the entire record because it's not yet clear what claims, if any, are going to emerge from that record? In fact, the record may establish that there are no valid claims for appeal. Are you arguing that at that point, the time spent in sorting out the record to find out what, if any, causes of action exist, ought to be fully reimbursable, assuming they're reasonable, and that if later on specific claims develop, the development of those specific claims perhaps will not be compensated the time for, unless they're successful? Is that basically what you're arguing? Yes, Your Honor. The veterans' counsel here excluded time that was specifically devoted to crafting arguments on unsuccessful claims from the attorney's fee application. The point is that there needs to be a baseline record review to identify claims in the first place and also to pick out evidence that's needed to support any successful claim, which may be buried at some point in the record. This follows from Supreme Court precedent, which indicates, as in Fox v. Feist, that the court should compensate the plaintiff for the time his attorney reasonably spent in achieving the favorable outcome. Counsel, the thing that bothers me about your answer, and maybe I'm wrong, is that if the time is spent reviewing the record and they come up with the one claim that ultimately they prevail on, that obviously makes perfect sense. But if you spent time on the record reviewing whether or not each of these seven claims warranted review, and you bet wrong, and we all are obviously operating under a hindsight review. So really the time that you spent going through the record and ascertaining and preparing, yes, we think this is a good claim, here's how we can pursue it based on the record, is that really what you think it should be compensated for? Well, there's no dispute here that certain documents in the record were not ultimately used to support the successful gastrointestinal claim. But there is also no dispute that counsel needed to review the entire record in order to bring the successful claim. And the government here conceded that it is sensible for attorneys in all cases to review the entirety of the record. One way of looking at it is as follows. If the veteran here had brought only the gastrointestinal claim, and counsel spent 18 hours reviewing the same over 9,000-page record and sought $3,600 for doing so, nobody disputes that it would have been reasonable to take that time to review the record. Why should that change? Simply because there were also unsuccessful claims. The Fifth Circuit held in the chemical manufacturer's case that even though the plaintiff there was, the claimant there was successful only on two of 13 issues, all of the time spent reviewing the record was time indispensable to the prosecution of the successful claim and should therefore be compensated in full. Counsel, in this case, and the government didn't say that 18 hours was too much to review the whole record if there was a need to review the whole record, right? That's correct, Your Honor. And so as I understand it, your position is it would essentially be almost malpractice for a counsel not to look at the whole record to make sure that there's not something in there that would justify a claim or support any particular claim, right? That's exactly right, Your Honor. And indeed, the government does not dispute that it is a requirement of competent appellate advocacy to review the entire record. And there are particular reasons that in this universe of veterans' cases, it's especially essential for that type of record review to take place. The veterans' court's decision, if allowed to stand, will have a significantly detrimental effect on veterans' counsel's ability to bring these types of appeals as noted by the amici public interest organizations. In effect, what the veterans' court has done is to create an exception from the ordinary standards of competent appellate advocacy just for veterans. And that thwarts Congress's interest in empowering litigants to seek review of unjustified agency action. Mr. Yeltsin, I'm going to ask you, Judge Klager, again, exactly what legal rule did the veterans' court invoke that you say is wrong? That is to say, there's some confusion in my mind. Perhaps you can help me with it. Was there some sort of presumption in favor of reduction that the veterans' court applied, or was it simply that they applied a numerical discount based on their misunderstanding of the precedents? What did the veterans' court do wrong as a matter of law? Well, Your Honor, it's not a matter of the presumption or the numerical reduction. It's that the veterans' court reduced time that was needed to pursue a successful claim merely because there were also unsuccessful claims. And that violates the Supreme Court's clear ruling that plaintiffs must be compensated for tasks that are needed to pursue a successful claim. As the Seventh Circuit indicated, its legal rule in the Oostrad case is that a plaintiff must be compensated for tasks that would have been necessary had the plaintiff brought only the successful claim. Your Honor, I'd like to reserve the balance of my time for rebuttal. Well, we'll reserve the balance, but I had one more question, and perhaps my colleagues on the panel have more questions as well, so we'll certainly indulge those. But what strikes me about this case is surely the mixed cases are quite common at the veterans' court. I just wonder, is this a one-off in terms of what you say, the error that you allege the particular CAVC judge went here, and if they've been doing it right in your view in most or if not all other cases in terms of applying the correct standard? Because this has to be pretty common. I mean, in any case, you get each of these. I assume it's quite likely it was only a partial win. Do you have any information from me on that? Well, I agree that the rule that the veterans' court applied in this case was an outlier. The case that the veterans' court cited to support its ruling here, the Klein case, is an outlier even in the context of the veterans' court's own decisions. That case has never been applied to reduce the compensable time spent on review of the record before the agency. And, in fact, Klein cited cases that support the opposite proposition, that record review time that is inextricably linked to the preparation of the entire case and cannot be apportioned to compensable versus non-compensable issues. That's the Vasquez-Flores case and the Elkson case. So is it fair to say that, for the most part, this is, as you call it, an outlier with the way the CAVC judges have been handling each of these involving multiple claims? Yes, Your Honor. And I think, though, that if this decision were allowed to stand, it would become, unfortunately, much more common for time spent on record review, which is time that's concededly necessary to pursue any successful appeal, to be slashed simply because of the presence of unsuccessful claims. So it's your view that this case is an erroneous interpretation of the EAJA statute. Is that what you're saying? That's correct. And the Supreme Court and this court have made clear that, in determining the reasonableness of an attorney's fee award, courts must adhere to the correct legal standards. For instance, in the Wagner 1 case from 2011, this court exercised jurisdiction and overruled the denial of EAJA fees on reasonableness grounds. And in cases like Fox v. Vice and Perdue and Hensley, the Supreme Court has laid out correct legal standards to which courts must adhere in determining the reasonableness of an attorney's fee. In addition, in Kelly v. Nicholson and Patrick v. Shinseki, this court indicated that where adoption of a particular legal standard dictates the outcome of a case based on undisputed facts, we may address that issue as a question of law. And here, the Veterans Court applied the legal standard that the time necessary to pursue a successful claim may be slashed merely because of the presence of unsuccessful claims. And it's that rule that we urge this court to reject. Thank you very much. Did anyone else? Panel members, any further questions? No further questions. Thank you very much. Let's hear from the government. Good morning, Your Honors. Robert Capura on behalf of the government and may it please the court. Appellants is requesting a change in the law via the adoption of a new bright-line rule for the payment of fees related to record review. This proposal is contradictory to the text of the EJA and the Supreme Court's clearly articulated and long-standing guidance, which grants courts the discretion to award fees based on the facts of an individual case. But counsel, you just heard your friend on the other side say that she's not asking for a change in the law. She's asking for the law to be properly applied. And if the standard is reasonableness, there was no claim that 18 hours to review the entire record was unreasonable. Was there? For the actual time spent reviewing the record, I don't believe so, Your Honor, no. Okay. And you, as a lawyer for the government, would you ever go into a case without reviewing the entirety of the record? Well, Your Honor, we certainly agree that review of the record is a component of advocacy. Okay. Can you answer my question? Would you, as a responsible lawyer, ever go into a case without reviewing the entire record? No, Your Honor, but I would also make the distinction that not all hours... Right, but so you can use taxpayer dollars to review an entire record regardless of what claims are asserted, but it's not reasonable for plaintiff's counsel to review the entire record? Well, Your Honor, the distinction that I would draw is that all of the hours claimed in this case for reviewing the record were not the same. In looking at appellant's application for fees, which is in the appendix at 184 and 185, appellant sought, began his request for fees by having an entry that says there was one and a half hours spent reviewing the record for completeness and relevancy, which began their record review. And then there are additional entries that went back reviewing the entirety of the record in different page notations. But you didn't object to those things. What you objected to was you simply said we need to apportion it because some claims weren't successful, right? That's correct, Your Honor, and that's based on... But you can't make those objections now. Well, I'm not sure which objection you're referring to. Well, you're saying that they reviewed it quickly and then they went back in and reviewed it more thoroughly, and you didn't object to the fact that there was some that was quick review and some that was more thorough review. You only said apportion out some time because some of the claims weren't successful, right? That's correct, Your Honor. However, I believe what this discussion pertains to is the question of whether or not it would have been reasonable, as there was a discussion in the prior argument, whether or not it would have been reasonable had only the gastrointestinal claim been brought to have reviewed the record for 18 hours. Because that was not the context that was presented in this case, the Veterans Court was never given an opportunity to answer that particular question. That's the question I had. Excuse me. This is Judge Gross. That's the question I had. If Mr. Smith had brought only the winning claim but had an identical record review with here, sifting out the claims that he shouldn't bring, would we have any doubt that he would be entitled to reimbursement for that record review? I believe there would be some doubt for the 18 hours for the record review. At least, let's put it this way, Your Honor. The Veterans Court would have had an opportunity to examine that question, and it would have been raised below. As counsel for appellant conceded, there is no dispute that within those 18 hours, time was spent reviewing the record that did not relate to the successful claim. So we know that those hours are... Counsel, of course it did not relate to the unsuccessful claims because it wasn't known at that time which were successful and which were unsuccessful claims. This is Judge Plager. Let me read to you for a moment from your own brief. Your own brief on page 20 says, it is notable that in his brief before this court, Mr. Smith does not make any assertion that the entire record was, in fact, related to his one successful claim. Then you go on to say, this is unsurprising given that the record contained material related to all of the claims Mr. Smith asserted. Accordingly, it is not possible for the entirety of Mr. Smith's counsel's review to have been solely related to the single successful claim. Well, that's the whole point, isn't it, counsel? That at the time he made his review, there was no way for him to say, ah, I'll review claim one now and in a half an hour I'll review claim two. The whole point is he had to review the trial record in order to prepare his appeal. He didn't know at that point exactly what causes of action he was going to pursue and whether any of them were worth pursuing. Don't you think that's correct behavior for a responsible plaintiff's counsel? Well, Your Honor, if I might respond to your question by making two points. The first is which we refer back to the Supreme Court's ruling in Hensley.  If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole, as a whole time, a reasonable hourly rate may be an excessive amount. This will be true even... But isn't it true that the case after case after case has said that you need to look at things that would have to be done anyway for purposes of pursuing the successful claim? So, in other words, if you have to depose the plaintiff, you don't say... I mean, you have to depose the defendant. You don't say we're only going to allow you fees for the questions that you specifically asked on the claim that was successful. Every court has said if the things are incident to the case and have to be done, then you don't parse them out. But where you can, as the court did with respect to the other activities in the case, for instance, the briefing, that that can be parsed out. But if things have to be done anyway, and this, as you just conceded, is what a reasonable, responsible lawyer would do, which is review the whole record, just as you would, then how can that not be necessary to the case as a whole? Well, Your Honor, the question about reviewing the whole record, again, I would refer back to the question of what type of record review is being performed. And, again, pointing back to Hensley, the court there referred to the necessity that appellant's counsel exercised what the Supreme Court called billing judgment in reviewing that record. So, in other words, counsel would review the record as a whole, likely very quickly, as they did so here, to determine completeness and relevance, but then would exercise billing judgment. No, it was completeness and legibility. They had to go back to determine relevance. It was still a 9,000-page record. Completeness and legibility is different than relevance. Well, with respect, Your Honor, their entry says all relevant parts included, which would indicate that they were looking... To determine completeness and legibility. Yes, Your Honor, but, again, we look back to the conceded factual point that their entire review did not relate to the successful claim, and the Supreme Court said that the degree of success was the most critical factor when determining whether or not fees should be awarded. Well, let me give you an example, and this is probably one of a hundred cases that I could easily find, considering I wrote cases on this at the district court level. But the Seventh Circuit, for instance, said in Ustrak that a partially prevailing plaintiff should be compensated for the legal expenses he would have borne if his suit had been confined to the ground on which he prevailed, and that you shouldn't then parse out those expenses that he would have had to have engaged in. Right? Yes, Your Honor, but in Ustrak, they were referring to... They provided the example of a jury trial and said that even if the civil rights plaintiff in that case, I believe he brought six claims and was only successful on one, and the court noted that even if he had only brought the one claim, a jury trial would have been necessary, but... Right, and the court didn't take out a portion of the trial hours that related to the unsuccessful claims. Well, with respect, Your Honor, it reduced the fee award as a whole, recognizing that while, yes, there would have been some things that had to have happened, they might not have been as long or complex had only the successful claim been brought. And in fact, that's actually what the Veterans Court did here. There were 18 hours proposed, and had the Veterans Court just exercised a rigid formula, given that Mr. Smith only prevailed on one out of seven claims, they could have reduced the fee award if they were applying that sort of rigid formula by six-sevenths. They didn't do that. They reduced it by 12 hours, taking into account the very thing that we're currently discussing, that there is a need to do certain tasks regardless of how many claims are successful, but the court is still bound by the directive from the Supreme Court in Hensley that the success or failure of the claims is the most important factor. Factor in what, counsel? Is the most important factor in what? In determining whether there was a necessary review of the record? Or in determining what a reasonable payment for services is? I don't understand what you're saying. Your Honor, it is the most important factor. And I want to understand exactly what is it the most important factor in. Your Honor, the Supreme Court was discussing the general application of the Aegis Statute and saying that fees should only be awarded for work that pertained to successful claims. Right. And what puzzles me, counsel, is that you can't have a successful claim until you know what the record is in your case. I don't see... You're familiar with Rule 11, counsel? Federal Rule 11? Yes, Your Honor. Procedure Rule 11, it compels under risk of penalty that counsel prepare thoroughly the background and the record before filing claims or causes of action in any federal court. Obviously, there are related rules like that for appellate work or certainly related expectations. If his client had sued him for failing to have understood the record, that would be a whole separate set of issues, wouldn't it? Yes, Your Honor. However, there is a necessity in the Aegis Statute, as courts have recognized, to create a balance between the availability of fees for counsel bringing suit against the government against the expenditure of taxpayer dollars. And one of the ways that the Aegis attempts to strike that balance is by providing for payments only in the cases where the party has prevailed. And he has prevailed in this case. Yes, Your Honor, but he has only prevailed on a single claim out of seven. He did not claim, if I understand the record correctly, he did not claim any hours for work he spent on those other particular claims. The only thing, if I understand the record, and if I've got it wrong, please advise. As I understand the record, he's not claiming time for failed claims. He's claiming time for getting through the record enough to figure out what his possible claims could be. Isn't that a valid distinction? Well, Your Honor, respectfully, I would disagree to the extent that there is... I see my time has expired, if I might just complete my answer. Please respond. Okay. Thank you, Your Honor. Respectfully, he is asking for time expended on claims that he was not successful on specifically because there is no factual dispute that the time spent reviewing the record was not all related to the single successful claim. So, while it is correct that the appellant removed time spent on briefing and other matters, the appellant did not remove that time when it came to record review and has sought that time even though it was expended on those unsuccessful claims. Good. I appreciate that you clarified that point for the record. Chief Judge, if I could just ask one more quick question that's on a different issue. Of course. Counsel, what is your view about what, if any application, does the canon in favor of veterans interpretation, the canon of interpretation that favors a veteran's view and result, what, if any, relevance does that have to this case in your view? Well, Your Honor, the EJA is a statute of general application as it's in Chapter 28 and not 38. So, in terms of the canon of veterans law, the EJA is outside of that and I would refer to the court's decision in the Parrott v. Shulkin case where the court addressed that very point when it came to the EJA statute and that it exists outside the veteran's scheme. Thank you, counsel. Thank you. Ms. Stachowiak, you've got some time left. Sorry to interrupt. There's only 20 seconds left of counsel's rebuttal time. Oh, we'll restore four minutes. I'm sorry. Got it. Thank you. But let me use a little bit of your four minutes to start off if you don't mind. Some of what's been said, and I just think some folks, including me, are using maybe imprecise or more expansive language than they intend. So, I just want to be clear. Is it your view that you were entitled to the amount because review of the whole record is necessary to the claim on which you prevailed because you've got to sort it through and see if there's anything relevant to that claim, but your position is not, on the other hand, that because you didn't know at the time which claims were going to be relevant, you could review and spend time and get an EJA award for claims that turned out not to be successful? I'm assuming your answer is it's the former, but I want to be clear. Counsel? I'm sorry. Yes, it's the former. And contrary to what counsel just mentioned, there is no agreement in this case that the entire review did not relate to the successful claim. It is clear that not every document in the record was ultimately used to support the successful claim, but the point is that for the reasons Your Honor was just mentioning, record review would nevertheless have been necessary had only the successful claim been brought to identify evidence needed to pursue the successful claim. Oostrack, the Seventh Circuit case, applied the clear legal rule that the Veterans Court should have applied in this case, which is that veterans should be compensated for tasks that would have been needed had only the successful claim been brought. The Fifth Circuit and chemical manufacturers applied that Oostrack rule specifically to the task of record review and indicated that that task should be compensated in full. The Veterans Court, however, did not apply that standard. It proceeded task by task in deciding what compensation should be awarded and did not confront the point, which we made below in Appendix 217, that record review is needed in its entirety in order to pursue the successful claim. As to the mention of Hensley, Hensley does indicate that work that is spent on unsuccessful claims may be excluded and that is why counsel excluded from the fee application the time crafting arguments as to the unsuccessful claims. But the record review time here was not work spent on unsuccessful claims. It was work spent on successful claims that was slashed merely because of the presence of unsuccessful claims. As your honors have indicated, the Veterans Council did hear what every reasonable and responsible lawyer would do, which is to review the entire record. The government, in fact, agrees that review of the record is a necessary component of advocacy and the question is why veterans should be penalized for their counsel's undertaking a task that every appellate advocate must do, which is particularly necessary in veterans' cases. This case is straightforward. If the veteran had chosen to raise only the successful gastrointestinal claim, counsel would still have needed to review the same appellate record at the outset to gather evidence needed to support the successful claim Because nobody contests that point or argues that the 18 hours spent on that task was excessive, he indisputably would be entitled to full recovery for those hours. Slashing those hours simply because the veteran chose to add some additional unsuccessful claims would unduly penalize veterans and violate the Supreme Court's mandate that veterans must recover for all time reasonably spent in achieving the favorable outcome. Therefore, we urge the court to reverse the veteran's court decision and remand with instruction to include in the attorney's fee award the 18 hours or $3618 spent on reviewing the record before the agency. Anything further from the panel? No, ma'am. If not, thank you. We thank both counsel and the cases submitted.